■ DAVID M. BERENSON, as Trustee in Bankruptcy of Durable Tubular Brass Products, Inc., Appellant, v. HARTFORD FIRE INSURANCE COMPANY et al., Defendants, and FIREMAN'S FUND INSURANCE COMPANY, Respondent. — Order entered on March 21, 1960 denying partial summary judgment and directing a separate and prior trial on a limited issue unanimously modified on the law, on the facts and in the exercise of discretion, so as to direct a separate and prior trial on all the issues of law and fact raised by the first defense of the answer, and otherwise affirmed, with $20 costs and disbursements to the appellant. Special Term's limitation of the issue to be preliminarily tried was too narrow. It does not necessarily follow that the defendant-respondent would be entitled to judgment if it be proven merely that the plaintiff's attorneys did not communicate with the defendant's attorneys regarding the examination of the insured. The first defense is much broader and the separate trial should include all the issues of law and fact raised by such affirmative defense. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ ADOLPH TAUSIK, Appellant, v. HELEN T. TAUSIK, Also Known as HELEN T. GROSSMAN, Respondent.— Order entered on December 22, 1960, denying plaintiff's motion for a temporary injunction, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.

■ FRANCES FROMKES, Respondent, v. NORTHEASTERN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.— Order entered on June 15, 1960 denying the motion seeking a conclusion of the examination before trial and granting the cross motion seeking a continuance of the examination unanimously reversed on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and motion for an order concluding the examination granted, with $10 costs. A continuance of the examination beyond the point now reached would require the disclosure of the work product of the defendant — a disclosure that need not be made (Metropolitan Life Ins. Co. v. Goldberger, 1 A D 2d 823). While the plaintiff is entitled to have the defendant "disclose the particulars of [its] claim or proof in order to assure a fair trial" (Mutual Life Ins. Co. of N. Y. v. Tailored Woman, 276 App. Div. 144, 146), it is evident that such a "disclosure" has already been made. Furthermore, it appears that the requirements of Mr. Justice MARKEWICH's memorandum, rendered in connection with the objections raised during the course of the examination, have been satisfied. Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.